## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>KEVIN J. MATTSON,<br><br>        Debtor. | Chapter 7<br>Case No. 24-20188 |
| MONTRESOR LLC,<br><br>        Plaintiff,<br><br>KEVIN J. MATTSON<br><br>        Defendant / Debtor. | Adv. Proc. 25-02006 |

### REPLY IN SUPPORT OF MOTION
### FOR AN ORDER STAYING ADVERSARY PROCEEDING

Kevin J. Mattson ("Mr. Mattson") files this reply to *Creditor Montresor LLC's Objection to Motion for an Order Staying Adversary Proceeding* [Dkt. No. 35] (the "Objection") in support of Mr. Mattson's pending *Motion for an Order Staying Adversary Proceeding* [Dkt. No. 29] (the "Motion").

### ARGUMENT IN REPLY

1.      Mr. Mattson files this Reply to clarify the factual report as it relates to the equitable considerations relevant to the pending Motion.  As set forth below, Mr. Mattson has actively pursued settlement of the underlying secured claim through counsel, including through *pro bono* settlement counsel, and has made funded settlement proposals with an offer to provide proof of funds in advance of any closing.  Those efforts have not resulted in a resolution, and Mr. Mattson seeks only to ensure that the Court has an accurate understanding of the current posture in evaluating whether a temporary stay is fair and appropriate.

2.      Mr. Mattson raises this point only because Montresor's Objection references settlement in arguing against a stay.  To the extent that settlement posture bears on the equities, the record reflects that Mr. Mattson has attempted in good faith to explore resolution while liquidation of the Mortgage amount secured by the Residence is proceeding in State Court. Liquidation of that claim is necessary because Montresor's claim against Mr. Mattson is premised on his personal guaranty of the underlying debt obligation memorialized in the Note and secured by the Mortgage in the Mattson's Residence.[1]

### **Funded Settlement Proposals Have Been Made**

3.      In recent weeks, Mr. Mattson, through counsel and through separate *pro bono* settlement counsel engaged solely for that purpose, has communicated multiple settlement proposals to Montresor's counsel.  Communications occurred between November 6, 2025, and November 18, 2025.

4.      The proposals included, among other things, the following:

- o   A specific monetary offer supported by identified funding sources;

- o   A confirmation that funds could be escrowed or otherwise demonstrated prior to execution of a settlement agreement; and

- o   An express request for a payoff amount or settlement figure that Montresor would accept, or confirmation that only full payment would be acceptable.

5.      Despite those communications, Montresor's counsel did not provide a payoff statement or confirm whether any figure short of full payment would be acceptable.  Further, Mr. Mattson does not know whether Montresor will only accept full payment.  As a result, the parties

---

[1]      Mr. Mattson notes that the claim at issue has an underlying principal balance of approximately $157,000.00, and that the value of the claim was asserted to be approximately $229,000.00 when Montresor purchased it.  As of October 3rd, Montresor seeks entry of a foreclosure judgment for over $311,000, with the increase largely attributable to Mr. Creswell's legal fees in the foreclosure action and this chapter 11 case over a claim that he has asserted is oversecured. That number increased to more than $330,000 per a proposed foreclosure judgment provided to the State Court.

have not been able to bridge the remaining gap or determine whether consensual resolution is feasible at this time, and Mr. Mattson has been unable to determine whether consensual resolution is feasible at this time.

6.      This clarification reinforces the propriety of a stay for the limited purpose requested for several reasons.

7.      First, the claim secured by the Mortgage is being liquidated in the State Court, including a live, fully briefed dispute over the inclusion of certain categories of legal fees – *i.e.*, whether the claimed legal fees are <u>reasonable</u> as is required by the various loan documents (see fn. 1, *supra*).  A short stay of this Adversary Proceeding would allow that liquidation process to run its course and provide clarity as to the amount of the claim.[2]

8.      Second, continuing full discovery and motion practice in the Adversary Proceeding during that period will likely increase the need for judicial supervision of remaining discovery and pre-trial procedure, particularly where Mr. Mattson's counsel has moved to withdraw and he may be required to proceed *pro se.*

9.      Third, Mr. Mattson is not seeking to delay adjudication indefinitely or to evade scrutiny.  He seeks an orderly sequencing of proceedings so that the claim may first be liquidated in State Court. Resolution of that issue may materially affect the posture of this Adversary Proceeding and could narrow or moot issues otherwise required during discovery or trial.[3]

10.      Fourth, Marcus Clegg has also filed a motion to withdraw as counsel to Mr. Mattson in this Adversary Proceeding [Dkt. No. 30] (the "<u>Motion to Withdraw</u>") as well as a similar motion

---

[2]      This Court could also address the amount of Montresor's claim and its enforceability through a claim objection proceeding, but it may be more efficient for the Court, the State Court, and the parties to let the Foreclosure Action proceed.

[3]      Mr. Mattson has a good faith belief that he can satisfy the claim if the State Court rules in favor of Mrs. Mattson on the issue of legal fees.  Should that occur, the Court will then be faced with the need to rule on the threshold issue of whether Montresor has standing, which could moot the need for a trial.

in Mr. Mattson's main case. Staying the Adversary Proceeding would remove urgency for a ruling on the Motion to Withdraw in this Adversary Proceeding.

## **<u>CONCLUSION</u>**

For the reasons set forth in the Motion and in this Reply, Mr. Mattson requests that the Court overrule the Objection, grant the Motion, and enter the proposed order filed with the Motion.

Dated:  December 15, 2025                    Respectfully submitted,

*/s/ Lee H. Bals*
Lee H. Bals, Esq.
David C. Johnson, Esq.

Attorney for the Debtor/Defendant

MARCUS | CLEGG
16 Middle Street, Suite 501
Portland, ME 04101
(207) 828-8000
bankruptcy@marcusclegg.com

## <u>CERTIFICATE OF SERVICE</u>

I, Lee H. Bals, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Dated: December 15, 2025                    */s/ Lee H. Bals*
                                            Lee H. Bals